■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES WILLIS MARTIN, Appellant.— *Per Curiam.*    Appeal from a judgment of the County Court of Chemung County, rendered February 19, 1968, convicting defendant upon his plea of guilty to the crimes of assault in the third degree, and criminal mischief in the third degree. On November 2, 1967, at about 12:40 P.M., the defendant was arrested on charges of disorderly conduct and assault in the second degree arising out of a disturbance at the Tap House in Elmira, New York. The defendant was then taken to the city jail where he apparently damaged the plumbing in his cell, and was thereupon charged with criminal mischief in the third degree. The defendant was thereafter indicted by the Grand Jury of Chemung County and charged with disorderly conduct, two counts of assault in the second degree, and criminal mischief in the third degree. The Public Defender of Chemung County was assigned to assist in his defense and, on December 21, 1967, the defendant pleaded guilty to assault in the third degree, and criminal mischief in the third degree in full satisfaction of the charges in the indictment. On February 19, 1968 he was sentenced to a term of one year in the Onondaga County Penitentiary upon each count with the sentences to run consecutively. The Onondaga County authorities refused to accept him under this sentence (apparently by reason of limitations in the contract between the two counties) and he was returned for resentencing on February 26, 1968. A new sentence of one year in the Chemung County jail and one year in the Onondaga County Penitentiary, both to run consecutively, was then imposed. Credit was given for time already served and the defendant has completed his one year term in the Chemung County jail, and is now incarcerated in the Onondaga County Penitentiary. On this appeal it is defendant's contention that the imposition of consecutive terms was unreasonable and excessive, although he concedes that section 70.25 of the Penal Law authorizes the imposition of such consecutive terms. Defendant's conviction resulted from his uncontrolled drinking and the record and the presentence probation report indicate a history of arrests mostly arising from overindulgence in alcohol.

The recommendation by the probation officer that the defendant should be incarcerated "for the maximum amount of time prescribed by law" is a practice which we do not approve, since the determination of the length of the sentence is a function solely of the court. Under the circumstances the present sentence was excessive, and should be reduced to the time already served, which exceeds one year, and defendant should be discharged forthwith. Judgment modified, on the law and the facts, by reducing the sentence to the time already served by the defendant, and, as so modified, affirmed. Herlihy, J. P., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum *Per Curiam*.